MC-275

Name _Pamela Jane Baker_

Address _C512-9-2Low_

_CCWF, PO Box 1508_

_Chowchilla CA. 93610-1508_

CDC or ID Number _X15528_



FILING FEE PAID
Yes ___ No ___
IFP MOTION FILED
Yes ___ No ___
COPIES SENT TO
Court ___  Pro Se ___

**FILED**

JUN 13 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

_In the State of California_
_County of San Diego_
(Court)

_Pamela J. Baker_
Petitioner

vs.

_Deborah Patrick  warden_
Respondent

**PETITION FOR WRIT OF HABEAS CORPUS**

No. _'08 CV 1081 J NLS_
*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS — READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies.

- If you are filing this petition in the California Supreme Court, file the original and thirteen copies.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rules 56.5 and 201(h)(1) of the California Rules of Court [as amended effective January 1, 1999]. Subsequent amendments to Rule 44(b) may change the number of copies to be furnished the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. January 1, 1999]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 56.5, 201(h)

This petition concerns:

[X] A conviction                    [ ] Parole

[ ] A sentence                      [ ] Credits

[ ] Jail or prison conditions       [ ] Prison discipline

[ ] Other (specify): _____

1. Your name: _Pamela Baker_

2. Where are you incarcerated? _Central California womens facelity_

3. Why are you in custody?  [X] Criminal Conviction    [ ] Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

_Conspiracy, burglary, recieving stolen property,_
_Two prior convictions_

b. Penal or other code sections: _PC 182(A)(1) 459, 460, 487(A) 476, 667,(A) 667(B)(I) 1170.12_

c. Name and location of sentencing or committing court: _San Diego Superior court_
_The State of California In and for the county of Sandiego_

d. Case number: _SCD 192576_

e. Date convicted or committed: _12/8/05_

f. Date sentenced: _11/1/05_

g. Length of sentence: _Base Term 8 years + 10 yrs Enhansments (2) 16 month_

h. When do you expect to be released? _November 6th 2021_

i. Were you represented by counsel in the trial court? [X] Yes. [ ] No. If yes, state the attorney's name and address:
_Lei-chala I wilson. Deputy Public defender SBN: 144636_
_233 "A" st 300, San Diego, CA 92101. Tel. (619) 338-4834_

4. What was the LAST plea you entered? (check one)

[X] Not guilty   [ ] Guilty   [ ] Nolo Contendere   [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

[X] Jury   [ ] Judge without a jury   [ ] Submitted on transcript   [ ] Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

Ms. Bakers conviction of recieving stolen property (count six) should be revearsed, Because she was convicted of the theft of the same property (count Five) And she cannot properly be convicted of Both.

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* **CAUTION:** You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: who did exactly what to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

Ms. Baker was charged, in Count Five, with the theft of the property of Robert Bacon from the construction site on Baja Mar. and, in Count six, of recieving stolen the same stolen property (CT 7-8) The jury convicted her on both counts (CT 104-105) Her conviction of recieving stolen property (count six) should be revearsed, Because she cannot properly be convicted of both stealing and recieving the same property. It is a "fundamental principle" that a defendent may not be convicted of both stealing and recieving the same property A principal in the actual Theft of the property may be convicted persuant to this section. However, no person may be convicted both pursuant to this

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

( People vs Allen (1999) 21 CAL 4ᵗʰ 846, 851) (People v Garza (2005) 35 CAL 4ᵗʰ 866, 874) (People v Jaramillo (1976) 16 CAL 3ʳᵈ 752, 757; Pen Code 496 subd (a) Penal code Section 496 subd (A) People v. Donnell (1975) 52 CA) App3d 762, 768-769    Continued

Argument 1 continued

section and of the theft of the same property." Thus a defendent may not be convicted of both theft and recieving stolen property, where the theft conviction is based, either necessarily or inferentially, on a finding that the defendent stole the same property he was convicted of recieving. The rule prohibiting dual convictions applies not only where the defendent is not the actual thief but also where the defendent is convicted of aiding and abetting the theft of the property he is also convicted of recieving.

Here count five of the amended information charged ms Baker and Abshere with the theft of money and personel property from Robert Bacon, and count six of the amended information charged her with recieving the property, described as "assorted tools" wich was taken from Bacon, Bacon testified the stolen property consisted of various tools, including a beam saw, a laser saw level, an impact wrench a skil saw and a set of nail pouches. The Jury convicted MS

# Argument 1 pg 3 continued

Baker on both counts "as charged in.....
the amended Information. The Verdict
form for count five refers to
"Victim Robert Bacon" while the
Verdict form for count six refers to
"Robert Bacon - assorted tools". The
record thus establishes ms Baker
was convicted, in counts five and six,
of both taking and recieving the same
property. Bacons tools. Because she cannot
properly be convicted of both stealing
and recieving the same property, her
conviction of recieving stolen property
(count six) should be reversed

---

Supporting cases.

Pen. Code 487 subd (A)    Pen. Code 496

People v Black (1990) 222 Cal App 3d 523
525

7. **Ground 2 or Ground** _(if applicable)_

The trial court erred by failing to instruct the Jury that it could not convict Ms Baker of both Stealing and recieving the same property.

---

a. Supporting facts:

The trial court instructed the Jury in the elements of both grand theft, and recieving stolen property. The court did not however, instruct the Jury that it could not convict Ms Baker of both. Because she was charged in counts five and six with stealing and recieving the same property, the trial court had a duty to instruct the Jury, sua sponte, that it could not convict her of both offenses. The courts failure to instruct the jury on this point requires reversal of the conviction for recieving stolen property (count six) The trial court has a duty to instruct the Jury on the general principles of law relevant to the issues raised by the evidence. Where the pleadings and the evidence create a possibility the defendent will be impermissibly convicted of both theft and recieving the same stolen property. The trial court is required to instruct the Jury, sua sponte, that it cannot convict the

b. Supporting cases, rules, or other authority:

Pen. code 496, 487, (Ct 78-79) People v. St Martin (1970) 1 Cal 3d 524, 531 (People v Breverman) (1998) 19 CAl 4th 142, 154 People v. Strong (1994) 30 CAl App 4th 366, 375, 376.) (People v Black supra 222 Cal App 3d At 525) (United States v Gaddis (1976) 424 US 544, 55 96, S.Ct 1023, 1027, 47, L Ed. 2d 222, 228 -229 (People v DAVIS ( 19 CAl 4th 301, 305) (People v GARZA supra 35 CAl 4th at 881- 882)

pg 2                 Argument 2   continued

The defendent of both. [In an appropriate case, court is required to instruct the Jury they may not convict the defendent of both robbing a bank and recieving the proceeds of the robbery]

.In people v Black supra 222 CA1 App 3d 523, For example the defendent was convicted of both stealing a pickup truck, in violation of Vehicle Code section 10851, and recieving the same vehicle as stolen property, The truck's owner had noticed his truck missing when he returned home at around midnight. The defendent was seen driving the stolen truck about two and one-half hours later. The record did not indicate whether the Jury found the defendent had taken the truck or only driven it in violation of Vehicle Code section 10851. The court of Appeal concluded there was no evidence of more than one act or-transaction, and the trial court was therefore required to instruct the Jury. pursuant to CALJIC 17.03 that it could not convict the defendent of both stealing the truck and recieving it as stolen property. Similarly the defendent was charged with both unlawful taking and driving of a pickup truck

Continued next page

Argument 2 page 3 continued...

and recieving the same truck as a stolen property. Noting that Vehicle Code Section 10851 prohibits both the unlawful taking and the unlawful driving of a vehicle, the court explained that whether a conviction for unlawful driving precludes a conviction for recieving the vehicle as stolen property depends on whether the driving occurred as part of the initial taking. "what matters is whether the driving was part of the theft, or an independent crime. if the evidence showed only one continuous violation

In order to find the defendent guilty you must all agree as to the particular crime committed, and, if you find the defendent guilty of one, you must find [Him][her] not guilty of the other

Because of prosecutions insisted on presenting the case based on the alternate theories of unlawful taking and unlawful driving, the jury should have been instructed it could not convicted the defendent of recieving the truck as stolen property

continue

Continue Page 4 Argument 2.

if it convicted him of taking the truck or of driving it as part of the original taking. Similary Ms Baker was convicted of ailling and abetting the theft of Bacons property. The essential elements of such a theft include taking and carrying away the stolen property. Her reciept of Bacons property was "Part and Parcel" of the taking and carrying away of that property in the course of the theft itself. Because of the theft of Bacon's property and Ms Baker's reciept of it were part of a single indivisible Transaction - The theft of the property - The trial court was required to instruct the Jury sua ~~sponte~~ spente, That it could not convict her of both stealing and recieving Bacon's property. Because it is not reasonably probable a properly instructed Jury would have convicted Ms Baker of both the theft of Bacons property and recieving that same stolen property, her conviction of recieving stolen property (count six) should be reversed.

7. Ground 2 or Ground **3** (if applicable):

The trial court abused its discretion under evidence code section 352 when it admitted evidence of Ms Baker's Prior convictions for impeachment.

a. Supporting facts:

of Ms Baker

Over the objection, the court allowed the prosecution to impeach her with her two priors convictions, one for residential burglary, and one for Robbery. The prior convictions were admitted solely for the purpose of impeachment, the court having ruled pre-trial that they were not admissible in the prosecution's case in-chief as evidence of Ms Baker's intent or mental state pursuant to evidence code section 1101 subd(b) 4 R+51, 6B RT 234-235, ct 165) under the circumstances of this case the trial court abused its discretion under Evidence Code section 352, when it concluded the prior convictions probative value outweighed there prejudical effect and allowed their use for impeachment

Continued next page.

b. Supporting cases, rules, or other authority:

College Hospital, INC, V Superior court (1994) 8 CAl 4th 704, 715
(People V Castro supra, 38 CAl.3d At 319;)
(People V Watson (1956) 46 CAl 2d 818, 836)

page 2 of Argument 3. continued

Proposition 8 (CAl Const, Art 1 § 28 subd(d)(F)
notwithstanding, the trial court retains
discretion under Evidence Code Section
352 to preclude or limit the use of
prior convictions for impeachment.
The factors wich may be considered
in the excercise of that discretion include
(1) whether the prior conviction reflects on honesty
and integrity (2) whether it is near or remote
in time (3) whether it was suffered for the
same or substantially similar conduct fo
wich the witness accused is on trial and (4)
what effect admission would have on the
defendent's decision to testify

'Prejudice' in the context of Evidence
Code Section 352 refers to the possibilities
of misuse of evidence - use of evidence
~~of prior convictions~~ 230 use of the evidence
by the trier of fact for a purpose for
wich the evidence is not properly admissible
The admission into evidence ~~inferring~~
~~from the defendent's~~ commission of

continue

page 3 of Argument 3 continued

of prior convictions of offenses wich are the same as or similar to that for wich the defendent is on-trial carries a substantial risk the jury will misuse the evidence enferring from the defendent' commission of past similar crimes that he has a propensety to commit such crimes and therefore is guilty of the crime oth wich he is charged.

"Where the prior conviction is for the Same or substantially similar conduct as that for wich the defendent is on-trial the danger is that the Jury may conclude that the defendent has a propensety for committing That-type of offense and therefore he must have committed the one which he is charged use of that evidence for that purpose is prohibited By evidence code section 1101

Careful scrutiny is therefore required

Page 4 Argument 3 continued

When weighing the probative value and
prejudical effect of prior convictions
offered for impeachment, when they envolve
offenses which are the same as or similar to
That for which the defendent is on trial

    Here the critical disputed issue was MS
Baker's mental state, whether she Knew that Abshere
intended to steal, and did steal, the tools and other
Items he took from the two construction sites
and placed in her car, and whether she Knew Abshere
interded to burglarize the Blanchard resedence. The trial
Court ruled before trial that the robbery and burglary
of wich MS Baker had previously been convicted were
not admissible under Evidence Code section 1101 subd b)
to show her intent or mental state at the time of the
crimes with wich she was charged in this case. The court
nevertheless allowed the prosecution to use the prior
Convictions for impeachment, reasoning that their probative
value on this issue of MS Baker's credibility outweighed
their prejudical effect. (CB Rt 234-235) However, contrary
to the court's analysis, in light of the issues and
evidence in this case, The risk of undue prejudice
resulting from the jureys misuse of the prior
                        continued see attach

Page 5   Argument 3   continued.

Convictions as propensity evidence outweighed their probative value on the issue of MS Baker's credibulety. Here the admission of MS Baker's prior convictions carried a substantial risk the evidence would be misused as propensity evidence. The prosecuter made it clear he intended to use the prior conviction to impeach MS Baker's testimony that she did not know Abshere was stealing the tools and other property. by implying that, because she had previously been conircted of burglary and robbery, she had an intent to steal on this occasion as well. (6B RT 231-234-295) Thus the court was on notice that the prosecutor intended to suggest the jury misuse the prior conviction evidence as evidence of a propensety to steal. The courts comments at the time of the arguments and ruling on the admission of the prior convictions indicate the court was well aware of the potential for misuse of this evidence (6B RT 234-235, 293-294) Even assurning arguendo MS Baker's prior convictions had some probative value on this issue of her credibility, the substantial prejudice resulting from their use as propensity evidence far outweighed

Continue

Page 6   of Argument 3 continued

that probative value. The court nevertheless concluded the evidence's probative value outweighed its prejudical effect (6B RT 234-235) Under the circumstances of this case, this determination was unreasonable and constituted an abuse of discretion

It is reasonably probable the result in this case would have been more favorable to MS Baker, but for the admission of her prior convictions MS Baker's principle defense was that she was an unknowing participant in the thefts committed by Abshere, She testified, in substance, that he did not tell her what he was doing, she remained in the car and did not enter any of the sites, and she could not see what he was doing while he was gone. (6B RT 260-266-271-272, 291-293) MS McCabe's observation at the Princeton Avenue scene were generally consistant with this testimony (6A RT 113-118 125-126, 127-129) Without the evidence of her prior convictions,

Continue

Page 7    Argument 3    Continue

the jury could reasonably have concluded
Ms Baker had been taken in By Abshere
and was an unknowing participant in his
crime.
        The admission of the evidence of
Ms Baker's prior convictions tipped the
balance against her. Ms Baker testified
on direct examination that she did know
the Items Abshere took from the two
construction sites were stolen, because
Abshere told her he was retrieving them
for his Uncle. (6B RT 260-262, 271-272)
Likewise, she testified she did not Know Abshere
intended to burglarise the Blanchard residence,
because ~~she~~ he told her he was delivering
the tools and other Items to his uncle there
(6B RT 264-265, 267, 271-272) on cross examination,
The prosecutor asked a series of questions
calculated to lead the jury to reason that,
because Ms Baker had previously been
convicted of burglary and robbery, she would
steal again and therefore was a knowing
participant in the-thefts committed by
Abshere (6B RT 290-293) He accomplished this
through a line questioning in which he

Continue

Page 8    Argument 3   continued

elicited MS Baker's testimony that she did
not know what Abshere was doing, Then
elicited an admission of her prior
convictions (6B RT 290-293) He also asked
MS Baker whether she had the intent to steal
when she committed the prior crimes, thus
suggesting the jury infer she had the
same intent on the day in issue in
this case (6B RT 291-292)

The limiting instruction given by the court
was not sufficient to prevent the jury from
using the evidence of MS Baker's prior convictions
to infer that she was a knowing participant in
the thefts because she had stolen before. The
only limiting instruction given was CALJIC 2.23
which merely told the jury the evidence of MS
Baker's prior convictions was to be used only
for the purpose of determining her believability
(CT 85; 6B RT 300-301) The instructions did not
preclude the jury from using the evidence of
MS Baker's prior convictions in the manner
suggested by the prosecutor, inferring that MS
Baker was not truthful about her lack of
knowledge, because she had previously
committed theft-related offenses and thus
had a propensity to steal.        continue

Page 9    Argument 3    Continue

Under these circumstances, there is "a reasonable chance, more than an abstract possibility, that the result would have been more favorable to Ms Baker if the prior conviction evidence had been excluded, for these reasons, the judgment should be reversed

Conclusion

For the reasons stated above Appallant Pamela J Baker respectfully requests the judgment be reversed

8. Did you appeal from the conviction, sentence, or commitment? ☑ Yes. ☐ No. If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"): *Court of Appeal, Fourth Appellate District, Division one*

b. Result: *Denied*   c. Date of decision: _____

d. Case number or citation of opinion, if known: *D047708*

e. Issues raised: (1) _____

(2) _____

(3) _____

f. Were you represented by counsel on appeal? ☑ Yes. ☐ No. If yes, state the attorney's name and address, if known:

*Martha L. McGill State Bar 95785  191 Calle Magdalena Suite 270 Encinitas, CA 92024.*

9. Did you seek review in the California Supreme Court? ☐ Yes. ☑ No. If yes, give the following information:

a. Result: _____   b. Date of decision: _____

c. Case number or citation of opinion, if known: _____

d. Issues raised: (1) _____

(2) _____

(3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

_____

_____

_____

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muzalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

_____

_____

_____

_____

_____

_____

_____

_____

b. Did you seek the highest level of administrative review available? ☐ Yes. ☐ No.
*Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☐ Yes. If yes, continue with number 13. ☑ No. If no, skip to number 15.

13. a. (1) Name of court: _____

    (2) Nature of proceeding (for example, "habeas corpus petition"): _____

    (3) Issues raised: (a) _____

              (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

  b. (1) Name of court: _____

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

              (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

  c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

Council didnt exhaust state remedies, federal district court Said argument must be exhausted from state court

16. Are you presently represented by counsel? ☐ Yes. ☑ No. If yes, state the attorney's name and address, if known:

_____

_____

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes. ☑ No. If yes, explain:

_____

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____

_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 6-6-08

▶ *Pamela J Baker*
(SIGNATURE OF PETITIONER)

MC-275 [Rev. January 1, 1999]

**PETITION FOR WRIT OF HABEAS CORPUS**

Page six of six

**PROOF OF SERVICE**

I hereby declare that I am over 18 years of age, a resident in the state of California and a party/not a party to the within cause of action. That on this date, I did cause a true and correct copy of the _Writ of Habeas Corpus_ to be served on the parties to the action by (check appropriate boxes):

☑ depositing same in the U.S. Mail With first class postage prepaid and addressed as follows below:

☑ Attn Filing Clerk
United States District Ct
Southern District of CA.
880 Front St suite 4290
San Diego CA 92101-
8900

☐ 

**VERIFICATION**

I have read the above statements and do declare upon penalty of perjury that these statements are true and correct as based upon my information and belief.

Executed on this _10ᵗʰ_ day of _June_, 20 _08_ at _Chowchilla_, California, pursuant to provisions of code of Civil Procedures §§446 and 2015.5.

_Pamela J Baker_
DECLARANT

1
2
3
4
5
6
7
8 **UNITED STATES DISTRICT COURT**
9 **SOUTHERN DISTRICT OF CALIFORNIA**
10

11 PAMELA J. BAKER,                        Civil No.   07cv2163 L (CAB)

12                           Petitioner,

13          v.                              **ORDER DISMISSING SECOND AMENDED PETITION WITHOUT LEAVE TO AMEND**

14 DEBORAH L. PATRICK, Warden,

15                           Respondent.

16          Petitioner is a state prisoner proceeding pro se with a Petition for a Writ of Habeas

17 Corpus pursuant to 28 U.S.C. § 2254.  On November 15, 2007, the Court denied Petitioner's

18 application to proceed in forma pauperis because it appeared from her prison trust account

19 statement that she could afford to pay the $5.00 filing fee.  The Court also dismissed the Petition

20 because it presented only state law claims.  Petitioner was instructed that in order to have this

21 case reopened, she had to pay the filing fee and file a First Amended Petition on or before

22 January 14, 2008.

23          On January 7, 2008, Petitioner filed a Motion to Proceed In Forma Pauperis and a First

24 Amended Petition.  The Court again denied Petitioner's request to proceed in forma pauperis and

25 denied the petition because it presented only state law claims.  Petitioner was again instructed

26 that in order to have her case reopened, she had to pay the filing fee and file a Second Amended

27 Petition alleging cognizable federal claims, on or before February 14, 2008.  Petitioner was also

28

1   advised that if the Second Amended Petition once again failed to state a cognizable federal

2   claim, this action will be subject to dismissal without further leave to amend.

3        On February 6, 2008, Petitioner paid the filing fee pursuant to this Court's order.  She

4   also filed a Second Amended Petition.  The Second Amended Petition is one again subject to

5   dismissal in accordance with Rule 4 of the rules governing § 2254 cases, because Petitioner has

6   again failed to state a claim cognizable on federal habeas in that she has failed to allege that her

7   state court conviction or sentence violates the Constitution of the United States.

8        Title 28, United States Code, § 2254(a), sets forth the following scope of review for

9   federal habeas corpus claims:

10          The Supreme Court, a Justice thereof, a circuit judge, or a district
            court shall entertain an application for a writ of habeas corpus in
11          behalf of a person in custody pursuant to the judgment of a State
            court only on the ground that he is in custody in <u>violation of the</u>
12          <u>Constitution or laws or treaties of the United States.</u>

13  28 U.S.C. § 2254(a) (emphasis added).  <u>See</u> <u>Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th Cir.

14  1991); <u>Mannhalt v. Reed</u>, 847 F.2d 576, 579 (9th Cir. 1988); <u>Kealohapauole v. Shimoda</u>, 800

15  F.2d 1463, 1464-65 (9th Cir. 1986).  Thus, to present a cognizable federal habeas corpus claim

16  under § 2254, a state prisoner must allege both that she is in custody pursuant to a "judgment of

17  a State court," <u>and</u> that she is in custody in "violation of the Constitution or laws or treaties of

18  the United States."  <u>See</u> 28 U.S.C. § 2254(a).

19       Here, Petitioner once again claims that she "was convicted of both receiving and stealing

20  the same property," that "the jury was not instructed that it could not convict me of both stealing

21  and receiving the same property," and "the trial court abused its discretion under Evidence Code

22  352."  (Second Amended Petition at 6-8.)  In no way does Petitioner claim she is "in custody in

23  violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254.

24  Although Petitioner states that she incorporates by reference her opening brief on appeal as she

25  did in her original Petition, that document is again not attached to her pleading.

26       Further, the Court once again notes that Petitioner may not be able to simply amend her

27  Petition to state a federal habeas claim and then refile the amended petition in this case.  She

28  must exhaust state judicial remedies before bringing her claims via federal habeas.  Habeas

1   petitioners who wish to challenge either their state court conviction or the length of their
2   confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c);
3   Granberry v. Greer, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial remedies, a
4   California state prisoner must present the California Supreme Court with a fair opportunity to
5   rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b),
6   (c); Granberry, 481 U.S. at 133-34.  Moreover, to properly exhaust state court remedies a
7   petitioner must allege, in state court, how one or more of his or her federal rights have been
8   violated.  The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995) reasoned: "If state
9   courts are to be given the opportunity to correct alleged violations of prisoners' federal rights,
10  they must surely be alerted to the fact that the prisoners are asserting claims under the United
11  States Constitution." Id. at 365-66 (emphasis added).  For example, "[i]f a habeas petitioner
12  wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process
13  of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal
14  court, but in state court." Id. at 366 (emphasis added).

15        Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death
16  Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ
17  of habeas corpus by a person in custody pursuant to the judgment of a State court.   The
18  limitation period shall run from the latest of:

19            (A) the date on which the judgment became final by the
        conclusion of direct review or the expiration of the time for seeking
20      such review;

21            (B) the date on which the impediment to filing an application
        created by State action in violation of the Constitution or laws of the
22      United States is removed, if the applicant was prevented from filing
        by such State action;
23

24            (C) the date on which the constitutional right asserted was
        initially recognized by the Supreme Court, if the right has been
25      newly recognized by the Supreme Court and made retroactively
        applicable to cases on collateral review; or

26            (D) the date on which the factual predicate of the claim or
        claims presented could have been discovered through the exercise
27      of due diligence.

28  28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

07cv2163

1      The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition

2  is pending. 28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999),

3  <u>cert. denied</u>, 529 U.S. 1104 (2000). <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that

4  "an application is 'properly filed' when its delivery and acceptance [by the appropriate court

5  officer for placement into the record] are in compliance with the applicable laws and rules

6  governing filings."); <u>Bonner v. Carey</u>, 425 F.3d 1145, 1149 (9th Cir.) (holding that a state

7  application for post-conviction relief which is ultimately dismissed as untimely was neither

8  "properly filed" nor "pending" while it was under consideration by the state court, and therefore

9  does not toll the statute of limitations), <u>as amended</u> 439 F.3d 993, <u>cert. denied</u>, 127 S.Ct (2006).

10  However, absent some other basis for tolling, the statute of limitations continues to run while

11  a federal habeas petition is pending. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

12      Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a

13  habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that

14  the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254.

15  Here, it appears plain from the Second Amended Petition that Petitioner is not presently entitled

16  to federal habeas relief because she has not stated a cognizable claim.

17                     **CONCLUSION**

18      Because Petitioner was informed of these pleading defects and is unable or unwilling to

19  cure them, the Second Amended Petition is **DISMISSED** without further leave to amend. The

20  dismissal is without prejudice to Petitioner to presenting federal claims in a new federal habeas

21  action, which will be given a new civil case number.

22      **IT IS SO ORDERED.**

23

24  DATED: February 22, 2008

25

26                       M. James Lorenz
                         United States District Court Judge

27

28

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Pamela J. Baker

Deborah Patrick

FILING FEE PAID
Yes ___ No ___
IFP MOTION FILED
Yes ___ No ___
COPIES SENT TO ___
Court ___ Pro Se ___

FILED
JUN 1 9 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Madera
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Pamela J. Baker
PO Box 1508
Chowchilla, CA 93610
X-15528

**ATTORNEYS (IF KNOWN)**

'08 CV 1081 J NLS

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
(For Diversity Cases Only) **FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** ☐ 362 Personal Injury-Medical Malpractice | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury - Product Liability | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 840 Trademark |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | ☐ 450 Agricultural Acts |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ Security Act | ☐ 892 Economic Stabilization Act |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 893 Environmental Matters |
| | | | | ☐ 894 Energy Allocation Act |
| | | | | ☐ 495 Freedom of Information Act |
| | | | | ☐ 875 Customer Challenge 12 USC |
| | | | | ☐ 891 Agricultural Acts |
| | | | | ☐ 810 Selective Service |
| | | | | ☐ 850 Securities/Commodities Exchange |
| | | | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| | | | | ☐ 950 Constitutionality of State |
| | | | | ☐ 890 Other Statutory Actions |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $ ___

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE ___ Docket Number ___

DATE  6/13/2008

SIGNATURE OF ATTORNEY OF RECORD



