FILED

2008 AUG -4 PM 2: 17

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA J. BAKER,<br><br>                          Petitioner,<br><br>          v.<br><br>DEBORAH L. PATRICK, Warden<br><br>                          Respondent. | Civil No.    08cv1081 J (NLS)<br><br>**ORDER DISMISSING CASE<br>WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

### FAILURE TO SATISFY THE FILING FEE REQUIREMENT

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, she must submit, **no later than August 25, 2998,** a copy of this Order with the $5.00 fee or with adequate proof of her inability to pay the fee.

/ / /

/ / /

/ / /

# FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that her state court conviction or sentence violates the Constitution of the United States. Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). <u>See</u> <u>Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th Cir. 1991); <u>Mannhalt v. Reed</u>, 847 F.2d 576, 579 (9th Cir. 1988); <u>Kealohapauole v. Shimoda</u>, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that she is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States." <u>See</u> 28 U.S.C. § 2254(a).

Here, Petitioner claims that: (1) her conviction for receiving stolen property should be reversed because she was convicted of theft of the same property; (2) the trial court erred by failing to instruct the jury that it could not convict her of both receipt of stolen property and theft of the same property; (3) the trial court abused its discretion under California Evidence Code section 352." (*See* Pet. at 3-18.) She cites only to state statutes and cases concerning California state law. In no way does Petitioner claim she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

Further, the Court notes that Petitioner cannot simply amend her Petition to state a federal habeas claim and then refile the amended petition in this case. She must exhaust state judicial remedies before bringing his claims via federal habeas. State prisoners who wish to challenge their state court conviction must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. <u>See</u> 28 U.S.C.

1  § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34. Moreover, to properly exhaust state court judicial

2  remedies a petitioner must allege, <u>in state court,</u> how one or more of his or her federal rights

3  have been violated.  The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned:

4  "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal

5  rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the</u>

6  <u>United States Constitution.</u>"  <u>Id.</u> at 365-66 (emphasis added).  For example, "[i]f a habeas

7  petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the <u>due</u>

8  <u>process of law guaranteed by the Fourteenth Amendment,</u> he must say so, not only in federal

9  court, but in state court."  <u>Id.</u> (emphasis added).

10     Additionally, the Court cautions Petitioner that under the Antiterrorism and Effective

11  Death Penalty Act of 1996 ("Act"), signed into law on April 24, 1996, a one-year period of

12  limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant

13  to the judgment of a State court.  The limitation period shall run from the latest of:

14         (A) the date on which the judgment became final by the
           conclusion of direct review or the expiration of the time for seeking
15         such review;

16         (B) the date on which the impediment to filing an application
           created by State action in violation of the Constitution or laws of the
17         United States is removed, if the applicant was prevented from filing
           by such State action;

18
           (C) the date on which the constitutional right asserted was
19         initially recognized by the Supreme Court, if the right has been
           newly recognized by the Supreme Court and made retroactively
20         applicable to cases on collateral review; or

21         (D) the date on which the factual predicate of the claim or
           claims presented could have been discovered through the exercise
22         of due diligence.

23  28 U.S.C. § 2244(d)(1)(A)-(D) (West Supp. 2002).

24     The Court also notes that the statute of limitations does not run while a properly filed <u>state</u>

25  habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003,

26  1006 (9th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1104 (2000).  <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4,

27  8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by

28  the appropriate court officer for placement into the record] are in compliance with the applicable

1 laws and rules governing filings."). However, absent some other basis for tolling, the statute of
2 limitations does run while a <u>federal</u> habeas petition is pending. <u>Duncan v. Walker</u>, 533 U.S. 167,
3 181-82 (2001).

**CONCLUSION**

5     Based on the foregoing, the Court **DISMISSES** this action without prejudice because
6 Petitioner has (1) failed to satisfy the filing fee requirement and (2) failed to state a cognizable
7 federal claim. To have this case reopened, Petitioner must, **no later than <u>August 25, 2008</u>**, (1)
8 pay the filing fee or provide adequate proof of her inability to pay **and** (2) file a First Amended
9 Petition that cures the pleading deficiencies set forth above. For Petitioner's convenience, a
10 blank First Amended Petition and a blank Application to Proceed In Forma Pauperis are
11 included with this Order.

12     **IT IS SO ORDERED.**

14 DATED:   8-1-08

HON. NAPOLEON A. JONES, JR.
United States District Judge